UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 5:24-cr-50124 |
| Plaintiff, | |
| vs. | MOTION TO SEAL CASE |
| DUNCAN SIOUX WITT, | |
| Defendant. | |

Comes now the United States of America, by and through Assistant United States Attorney Heather Knox, and pursuant to Federal Rule of Criminal Procedure 6(e)(4), respectfully prays the Court to issue an order sealing the case in the above-entitled matter, and as grounds therefor states as follows:

Federal Rule of Criminal Procedure 6(e)(4) provides in pertinent part: "The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." The Eighth Circuit Court of Appeals has confirmed that "[a] magistrate to whom an indictment is timely returned may direct that it be sealed." *United States v. Lakin*, 875 F.2d 168, 170 (8th Cir. 1989). In *Lakin*, the Court cited with approval a series of cases holding that "the magistrate may grant the government's motion to seal an indictment for any legitimate prosecutorial need." *Id.*

Chief among the reasons deemed sufficient is the necessity of taking the defendant into custody. *United States v. Richard*, 943 F.2d 115, 119 (1st Cir. 1991); *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). *Accord, Lakin*, 875 F.2d at 170 (holding that "reasons other than taking the defendant into custody may support the sealing of an indictment.") (Citations omitted). Other grounds found sufficient in various circuits include:

1. The need for time to gather additional evidence. *Lakin*, 875 F.2d at 170;

2. Concern for pretrial publicity before all the defendants are notified. *United States v. Sharpe*, 995 F.2d 49, 52 (5th Cir. 1993); *Richard*, 943 F.2d at 119;

3. To facilitate the cooperation of co-conspirators and to preclude the disclosure of their identities, protecting them from undue influence. *United States v. Ramey*, 791 F.2d 317, 318 (4th Cir. 1986);

4. To permit the filing of additional charges. *United States v. Edwards*, 777 F.2d 644, 648 (11th Cir. 1985); and

5. To accommodate counsel for a defendant. *Sharpe*, 995 F.2d at 52 (in conjunction with other grounds).

In this matter, the United States submits that the nature of the charges in the Indictment indicate that the safety of the agents involved in serving the arrest warrant on the Defendant could be compromised should the Defendant be made aware of this indictment prior to her arrest, and therefore, the need to safely take the defendant into custody justifies this motion to seal. Furthermore, the Defendant is unaware of the federal indictment in this case and is believed to be residing in another state.

WHEREFORE, the United States prays that this Court seal the case until the Defendant is arrested in this case, and that it further seal this Motion and the Order to seal.

Dated this 22nd day of August, 2024.

ALISON J. RAMSDELL
United States Attorney

HEATHER KNOX
Assistant United States Attorney
515 9th Street, Suite #201
Rapid City, SD 57701
Telephone: (605)342-7822
E-Mail: Heather.Knox@usdoj.gov